Robert **FULTON**, Trustee of the Robert Fulton Trust, also known as the Buffalo Ranch, Plaintiff,

v.

The **UNITED STATES** of America, et al., Defendants.

No. CV–N–92–141–ECR.

United States District Court, D. Nevada.

March 10, 1993.

262

Julian C. Smith, Jr., Carson City, NV, and Karen J. Budd, Cheyenne, WY, for plaintiff.

Leland E. Lutfy, U.S. Atty., Shirley Smith, Asst. U.S. Atty., Reno, NV, and Barry A. Hartman, Acting Asst. Atty. Gen., Ellen M. Athas, Gen. Litigation Section, Environment & Natural Resources, Washington, DC, for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff, Robert Fulton, purchased the Buffalo Creek Ranch from Frank Echave and Janet and Keith Kubicheck ("previous owners") in 1991. When plaintiff bought the ranch from the previous owners, he paid for both the property and for the grazing rights on the property. The previous owners had a grazing rights permit in Rebel Creek issued by the Forest Service from 1978 through 1987 and in 1988 they attempted to renew their permit.. After having difficulty with the application process and being granted an extension to file an application, the previous owners' application was denied on July 10,

1990. They appealed the decision through the administrative process but declined to seek judicial review of the decision. Plaintiff was not a party to the administrative process. Plaintiff filed this action seeking judicial review claiming that the decision not to renew the previous owners' grazing permit was in violation of the Administrative Procedure Act ("APA"). .

Plaintiff filed a motion for a temporary restraining order and a preliminary injunction (document # 4). A hearing was held on this motion on June 2, 1992. Defendants filed a motion for summary judgement (document # 8) arguing that plaintiff lacks standing to bring this action. Plaintiff filed a cross-motion for summary judgement (document # 15) asserting he is entitled to relief because defendants violated the APA.

## STANDING TO BRING THE CLAIM

■ The essence of defendants motion for summary judgement is that plaintiff lacks standing to bring this action. In order to have standing a plaintiff must show 1) a personal injury, 2) which is fairly traceable to the defendant's conduct and 3) which may be redressed by a favorable court decision. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

■ Plaintiff in this action has failed to demonstrate he has suffered a personal injury caused the Forest Service's decision not to grant the previous owners a grazing permit. Such a permit is a revocable privilege issued by the government; it is neither a transferable nor an assignable right. *SWIM v. Bergland*, 696 F.2d ·712 (9th Cir.1983). Furthermore, the permit states on its face that it is not transferable. Plaintiff's evidence does show that the Forest Service regularly approves the transfer of such permits from one owner of property to another owner of the same property. This general practice, however, does not give plaintiff standing. Defendants' decision not to renew the previous owners permit in 1990, the year before plaintiff purchased the ranch, did not *cause* plaintiff's injury. If plaintiff purchased the ranch without realizing the permit had expired, the

previous owners caused the injury. The Forest Services' discretionary practice of allowing such transfers does not grant plaintiff the right to rely on the practice nor does it create a causal connection between the defendants action and any injury which plaintiff may have suffered.

■ Plaintiff claims two grounds for his standing to bring this action. First, plaintiff argues that the previous owners assigned their rights in the permit to him and that plaintiff, therefore is entitled to stand in their place and bring the suit. Plaintiff's theory is faulty because a grazing permit is not a contract. As described above, a grazing permit is a fully revocable, nontransferable privilege. Any reliance on contract law by plaintiff is misplaced and irrelevant.

■ Second, plaintiff claims that he has standing to bring the action because the denial of a grazing permit constitutes a taking of his water rights. Apparently plaintiff believes that if he does not have a grazing permit, he will be unable to make utilize his water rights. Defendants make the specious argument that plaintiff has no property interest in his water rights because no water decree has been entered by a court granting plaintiff these rights.

The court finds defendants' position unpersuasive, however, the court still finds that plaintiff cannot establish standing on these grounds. The cases cited by defendants do not to support the proposition that water users only have property rights in their water after the rights have been granted by a judicial decree. Regardless, plaintiff offers no case law in support of his position that the impact of the grazing permit regulation on his water rights amounts to a taking. In addition, plaintiff has not submitted any evidence to show that the defendants' refusal to renew the previous owners grazing permit has denied him all beneficial use of his water rights. No evidence was submitted which shows plaintiff is unable to make other use of the water rights or sell the rights to another potential user.

This analysis illustrates that plaintiff lacks standing to bring the claims asserted in this action and that the action is properly dismissed.

IT IS, THEREFORE, HEREBY ORDERED that defendants' motion for summary judgement is GRANTED. Plaintiff lacks standing to bring this action. The clerk of the court shall enter judgement accordingly.

IT IS, FURTHER, HEREBY ORDERED that plaintiff's motion for summary judgement and motion for preliminary injunction are DENIED as moot.